**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARK A. STAPLES,<br>　　　　　　　Appellant, | DOCKET NUMBER<br>DE-0842-16-0117-I-1 |
| 　　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　　Agency. | DATE: August 26, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mark A. Staples, Albuquerque, New Mexico, pro se.

Kristopher Lee Rogers, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his appeal of a reconsideration decision of the Office of Personnel Management (OPM) regarding the calculation of his disability retirement annuity benefits under the Federal Employees' Retirement System (FERS). Generally, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    On November 13, 2012, the appellant retired from the position of Primary Examiner with the Department of Commerce. Initial Appeal File (IAF), Tab 1 at 1, Tab 2 at 1. He applied for, and obtained, FERS disability retirement annuity benefits, which were reduced by varying portions of his Social Security disability benefits. IAF, Tab 2 at 1.

¶3    On September 9, 2013, the appellant filed a Board appeal of an OPM reconsideration decision finding that he had received an overpayment of the disability retirement benefits and that he was not eligible for a waiver of the overpayment. *Staples v. Office of Personnel Management*, MSPB Docket No. DE-0845-13-1978-I-1, Initial Appeal File (1978 IAF), Tab 1. After the appellant and OPM reached a settlement agreement resolving the overpayment issue, the administrative judge dismissed the appeal as withdrawn. 1978 IAF, Tab 9, Tab 10, Initial Decision at 1-2.

¶4        On August 11, 2014, the appellant filed a Board appeal of OPM's reduction of his disability retirement benefits by the amount of his Social Security disability benefits. *Staples v. Office of Personnel Management*, MSPB Docket No. DE-0842-14-0546-I-1, Initial Appeal File (0546 IAF), Tab 1. During a status conference, the administrative judge informed the appellant that it appeared that OPM had not issued a reconsideration decision on the relevant matter. 0546 IAF, Tab 9, Initial Decision at 2. He further informed the appellant that he could withdraw the appeal, request an annuity computation decision from OPM, and then later appeal any final decision. *Id.* at 2-3. The appellant then withdrew his appeal, which the administrative judge dismissed. *Id.* at 1, 3.

¶5        In a letter to OPM dated September 22, 2014, the appellant requested that OPM make an annuity computation decision and argued that his disability retirement annuity should not be reduced by the amount of his Social Security disability benefits. IAF, Tab 7 at 4-7. OPM issued an initial decision, and the appellant requested reconsideration of the initial decision on July 16, 2015. IAF, Tab 2 at 1, 4. In a reconsideration decision dated November 19, 2015, OPM affirmed its initial decision and concluded that it had correctly calculated the appellant's retirement benefits in accordance with the applicable laws and regulations under FERS. *Id.* at 1-5.

¶6        The appellant next filed this Board appeal of the reconsideration decision and requested a hearing. IAF, Tab 1. OPM filed a motion to dismiss the appeal because it had rescinded its reconsideration decision and intended to issue a new final decision after reexamining the appellant's case as he requested. IAF, Tab 10 at 4, Tab 13 at 3. The appellant objected based, in part, on his poor health and the harm that would result from further delay. IAF, Tab 11 at 5, Tab 15 at 5, Tab 16 at 4-5.

¶7        Without holding the requested hearing, the administrative judge issued an initial decision granting OPM's motion and dismissing the appeal for lack of jurisdiction. IAF, Tab 17, Initial Decision (ID) at 1-2. He acknowledged the

appellant's poor health and desire to quickly adjudicate the matter, but found no basis for Board jurisdiction without a final decision from OPM.  ID at 2.

¶8    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tabs 2-5.[2]  The agency has filed a response.  PFR File, Tab 9.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[3]  5 C.F.R. § 1201.56(b)(2)(i)(A).  The Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under FERS after OPM has issued a final decision, also known as a reconsideration decision.  5 U.S.C. § 8461(e); 5 C.F.R. § 841.308; *see Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014) (stating that a reconsideration decision is final and appealable to the Board).  If OPM completely rescinds a reconsideration decision, its rescission divests the Board of jurisdiction over the appeal in which that reconsideration decision is at issue, and the appeal must be dismissed.  *Smith v. Office of Personnel Management*, 113 M.S.P.R. 259, ¶ 6 (2010).  However, the Board will take jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision.  *Okello*, 120 M.S.P.R. 498, ¶ 14.

---

[2] Although the deadline for filing a petition for review was on March 15, 2016, the Clerk of the Board extended the deadline to March 21, 2016, to give the appellant an opportunity to perfect his petition for review.  PFR File, Tab 1; ID at 2.  Therefore, we grant the appellant's motion to accept his filings as timely.  PFR File, Tabs 2-4, Tab 7.  Although the appellant supplemented his petition for review on March 23, 2016, 2 days past the deadline, we nevertheless have considered it.  PFR File, Tab 5.

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

¶10    In his petition for review, the appellant challenges OPM's purported reasons for its rescission of the reconsideration decision and the propriety of further delaying his appeal. Specifically, he challenges OPM's contentions regarding its motion to dismiss and alleges that OPM made several misstatements to the Board. PFR File, Tab 2 at 7-9, 11, 13. First, he argues that OPM mischaracterized the relevant issue of his appeal as an "overpayment" of retirement benefits instead of as an "underpayment" of benefits due to OPM's reduction of his annuity by his Social Security benefits amount. *Id.* at 7-9, 11; IAF, Tab 10 at 4, Tab 13 at 3. Next, he disputes OPM's claim that the Board already has addressed this issue in his prior Board appeals. PFR File, Tab 2 at 8, 11; IAF, Tab 13 at 3. Lastly, he disputes OPM's allegation that it needs to obtain documents from his employing agency. PFR File, Tab 2 at 13; IAF, Tab 13 at 3. He surmises that these misstatements show that OPM's stated reasons for its rescission are false and that OPM will not meaningfully review his case. PFR File, Tab 2 at 8, 12‑13.

¶11    The appellant next alleges that OPM unreasonably delayed making a final decision and that any further delay would be harmful. Specifically, he asserts that OPM took over 1 year to make a final decision on his request for an annuity computation decision.[4] *Id.* at 5-6. He also alleges that OPM could complete the calculations relevant to making a final decision in less than an hour. *Id.* at 9. He further contends that OPM unreasonably delayed making a final decision in comparison to other agencies. *Id.* at 14-16. He concludes that these allegations show that OPM will further delay making a new final decision. *Id.* at 16. He also considers the fact that the Board may cite a nonprecedential order to mean that

---

[4] To support this claim, the appellant submits new evidence of an email from OPM dated November 1, 2014. PFR File, Tab 3 at 4. We decline to consider this evidence further because he has not shown that the email was unavailable before the record closed despite his due diligence. *See Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015) (observing that the Board generally will not consider evidence submitted for the first time on review absent a showing that, among other things, the documents and the information contained in the documents were unavailable before the record closed despite due diligence); 5 C.F.R. § 1201.115(d).

the Board could use this nonprecedential final order in a future appeal to support the same result and that OPM could repeatedly rescind its final decisions. *Id.* at 5, 10-11.

¶12     Even assuming the appellant's allegations are true, we find that they do not identify a basis for Board jurisdiction. *See, e.g.*, *Smith*, 113 M.S.P.R. 259, ¶ 6 (finding no Board jurisdiction over OPM's denial of disability retirement benefits under FERS after OPM rescinded the reconsideration decision). The appellant does not dispute OPM's assertion that it has rescinded its reconsideration decision and intends to issue a new final decision after reexamining his case. IAF, Tab 10 at 4, Tab 13 at 3. Further, his allegations do not establish that OPM has refused or improperly failed to issue a final decision. *See McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 74 (finding that the Board lacked jurisdiction despite OPM's alleged 16-month delay in issuing a reconsideration decision because OPM explained that it had a backlog of cases, which were being processed on a first-in, first-out basis), *aff'd per curiam*, 40 F.3d 1250 (Fed. Cir. 1994) (Table); *cf. Okello*, 120 M.S.P.R. 498, ¶¶ 5-11, 15-16 (finding jurisdiction when OPM improperly failed to make a final decision on the appellant's alleged retirement annuity overpayment within 3 years after rescinding its reconsideration decision).

¶13     The appellant's remaining arguments do not provide a reason to disturb the initial decision. He argues that the administrative judge erroneously applied the following cases that OPM cited in its motion to dismiss: *Frank v. Office of Personnel Management*, 113 M.S.P.R. 164, ¶ 7 (2010); *Rorick v. Office of Personnel Management*, 109 M.S.P.R. 597, ¶ 5 (2008); and *Glasgow v. Office of Personnel Management*, 103 M.S.P.R. 531, ¶ 5 (2006). PFR File, Tab 2 at 6-9; ID at 2; IAF, Tab 10 at 4. Specifically, he asserts that these cases establish that OPM's motion to dismiss an appeal of a reconsideration decision that it has rescinded may be granted only when doing so would bestow a benefit on an appellant or when an appellant does not challenge OPM's contentions. PFR File,

Tab 2 at 8.  We do not agree with this interpretation, and find that the administrative judge properly relied on *Frank*, 113 M.S.P.R. 164, ¶¶ 7‑8, for its holding that OPM rescinding its reconsideration decision divested the Board of jurisdiction over the appeal.  ID at 2.

¶14  The appellant further argues that the administrative judge failed to consider his filings and the factual implications of the poor state of his health.  PFR File, Tab 2 at 4, 13-14.  The administrative judge acknowledged the appellant's health in the initial decision, but properly found no basis for jurisdiction.  ID at 2.  Further, the appellant's conclusory statement that the administrative judge did not consider his filings does not provide a reason for review.  PFR File, Tab 2 at 4; *see Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984) (finding that the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶15  The appellant, moreover, raises an allegation of disability discrimination for the first time on review.  PFR File, Tab 2 at 12.  However, the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *see* 5 C.F.R. § 1201.115(d).  In any event, prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction.  *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).  Thus, we decline to address this argument further.

¶16  Finally, the appellant's arguments on the merits of the appeal are irrelevant to the jurisdictional issue before the Board.  PFR File, Tab 2 at 8 n.1, 11-12; *see, e.g.*, *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that the appellant's arguments on the merits of her appeal were not relevant to the jurisdictional question).

¶17 Accordingly, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction.[5] If the appellant is dissatisfied with any subsequent OPM decision regarding his disability retirement benefits, he may request that OPM reconsider the decision and, if he is still dissatisfied, he may appeal OPM's final decision to the Board. *See* 5 U.S.C. § 8461(e)(1); *Smith*, 113 M.S.P.R. 259, ¶ 8; 5 C.F.R. § 841.308. Any future appeal must be filed within the time limits set forth in the Board's regulations. *See Smith*, 113 M.S.P.R. 259, ¶ 8; 5 C.F.R. § 1201.22(b)(1).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in

---

[5] As an alternative to reversing the initial decision, the appellant requests that the Board compel OPM to make a final decision within 30 days. PFR File, Tab 2 at 17. Although we lack the authority to make such an order, we encourage OPM to act expeditiously. *See McNeese*, 61 M.S.P.R. at 74-75 (finding that, absent Board jurisdiction, the Board lacks the authority to order OPM to process a request for reconsideration within a certain period of time).

title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.